UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEDIPHARM-RX, INC., and
MEDCENTER PHARMACY, INC.,

        Plaintiffs,

Case No. 8:06-cv-02223-T-24EAJ

v.

ALBERTO R. GONZALES, *in his official
capacity as Attorney General, United States
Department of Justice*, and
KAREN TANDY, *in her official capacity
as the Administrator of the United States
Drug Enforcement Administration*,

        Defendants.
_____/

**ORDER**

      This cause comes before the Court on Plaintiffs' Amended and Verified Emergency Motion for Temporary Restraining Order and Motion for Preliminary Injunction. (Doc. No. 3.)

      Plaintiffs are internet pharmacies that are registered with the Drug Enforcement Administration ("DEA") to dispense controlled substances. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs move for entry of a temporary restraining order against Defendants in order to protect their rights to operate as retail pharmacies in accordance with federal regulations and to protect their due process rights guaranteed by the Fifth Amendment to the United States Constitution. On July 31, 2006, the DEA issued to Plaintiffs an Order to Show Cause why the DEA should not revoke Plaintiffs' Certificates of Registration as retail pharmacies pursuant to 21 U.S.C. § 824(a)(4), alleging that Plaintiffs' pharmacy practices did

not comply with applicable law.  A hearing on that Order to Show Cause is set for January 8, 2007.  Thereafter, on November 14, 2006, the DEA issued to Plaintiffs an Immediate Suspension Order, which immediately suspends Plaintiffs' Certificates of Registration and prevents Plaintiffs from filling prescriptions pursuant to those Certificates.

To determine whether to grant a temporary restraining order, a court must consider whether the movant has established: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

In its motion, Plaintiffs have sufficiently established the factors necessary to warrant a temporary restraining order.  In its Order to Show Cause, the DEA states that a prescription can only be issued by a physician who has conducted a physical examination of a patient.  However, upon review of 21 C.F.R. § 1306.04, the Court finds that the regulation does not explicitly require a physical examination of a patient to effectuate the prescription of a controlled substance.  That regulation states in part, "[a] prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner *acting in the usual course of his professional practice*."  21 C.F.R. § 1306.04(a) (emphasis added). Therefore, at this time, Plaintiff has established a substantial likelihood of success on the merits. This issue may be addressed further at the hearing scheduled herein.

Furthermore, Plaintiffs have demonstrated that they and their patients will suffer

irreparable injury if relief is denied because their patients will be prevented from obtaining prescription refills and Plaintiffs' will lose a substantial portion of their client base. Furthermore, the balance of hardships weighs in favor of granting the relief requested, as it will merely preserve the status quo until the issue of Plaintiffs' Certificates of Registration can be resolved. Finally, relief will serve the public interest in that Plaintiffs' clients will be not be prevented or delayed in obtaining prescription refills.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiffs' Amended and Verified Emergency Motion for Temporary Restraining Order (Doc. No. 3) is **GRANTED** and is effective as of 12:00 p.m., Tuesday, December 5, 2006. This Temporary Restraining Order will expire on Tuesday, December 19, 2006, at 12:00 p.m. unless within such time the Order is extended for good cause shown, or unless Defendants consent to an extension.

2. Defendants are hereby enjoined from directly or indirectly enforcing the Immediate Suspension Order entered against Plaintiffs on November 14, 2006. Plaintiffs must post a bond or other security with the Clerk of the Court in the sum of $25,000 no later than Thursday, December 7, 2006.

3. Plaintiffs' Motion for Preliminary Injunction (Doc. No. 3) is hereby **REFERRED** to United States Magistrate Judge Elizabeth A. Jenkins. Magistrate Judge Jenkins will issue a separate order scheduling a hearing on this Motion. Magistrate Judge Jenkins shall submit a report and recommendation as to the appropriate disposition of the motion. If Defendants intend on filing a response in opposition

to Plaintiffs' Motion for Preliminary Injunction, they must do so by 5:00 p.m. on the day preceding the day of the hearing, pursuant to Local Rule 4.06(b)(3).

**DONE AND ORDERED** at Tampa, Florida, this 5th day of December, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
United States Magistrate Judge Elizabeth A. Jenkins