UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEDIPHARM-RX, INC., and
MEDCENTER PHARMACY, INC.,

        Plaintiffs,

                                                      Case No. 8:06-cv-02223-T-24EAJ

v.

ALBERTO R. GONZALES, *in his official*
*capacity as Attorney General, United States*
*Department of Justice*, and
KAREN TANDY, *in her official capacity*
*as the Administrator of the United States*
*Drug Enforcement Administration*,

        Defendants.
_____/

## ORDER

       This cause comes before the Court on Defendants' Emergency Motion for Revocation
and Cancellation of Temporary Restraining Order.  (Doc. No. 9.)  Plaintiffs have filed a response
in opposition to this Emergency Motion.  (Doc. No. 11.)

       Plaintiffs are internet pharmacies that are registered with the Drug Enforcement
Administration ("DEA") to dispense controlled substances.  On July 31, 2006, the DEA issued to
Plaintiffs an Order to Show Cause why the DEA should not revoke Plaintiffs' Certificates of
Registration as retail pharmacies pursuant to 21 U.S.C. § 824(a)(4), alleging that Plaintiffs'
pharmacy practices did not comply with applicable law.  A hearing on that Order to Show Cause
is set for January 8, 2007 before an Administrative Law Judge.  Thereafter, on November 14,
2006, the DEA issued to Plaintiffs an Immediate Suspension Order, which immediately suspends

Plaintiffs' Certificates of Registration and prevents Plaintiffs from filling prescriptions pursuant to those Certificates.

On November 30, 2006, Plaintiffs filed an Emergency Motion for Temporary Restraining Order pursuant to Rule 65 of the Federal Rules of Civil Procedure, seeking to enjoin Defendants from enforcing the Immediate Suspension Order.  (Doc. No. 1.)  The Court immediately denied the Motion without prejudice because it was not supported by a verified complaint or affidavit as is required by Local Rule 4.05(b)(2) and Rule 65(b).  (Doc. No. 2.)  The following day, on December 1, 2006, Plaintiff filed an Amended and Verified Emergency Motion for Temporary Restraining Order and Motion for Preliminary Injunction.  (Doc. No. 3.)  Defendants did not file a response to this emergency motion.  Accordingly, on December 5, 2006, four days after Plaintiffs' Amended Emergency Motion was filed, the Court entered an order granting the Motion for Temporary Restraining Order and referring the Motion for Preliminary Injunction to Magistrate Judge Elizabeth A. Jenkins.  (Doc. No. 4.)  The Temporary Restraining Order became effective at 12:00 p.m. on Tuesday, December 5, 2006, and Plaintiffs deposited a bond in the amount of $25,000 into the Court Registry on December 7, 2006.

Defendants have now filed an Emergency Motion seeking reconsideration and revocation of the Temporary Restraining Order.  (Doc. No. 9.)  The Court notes that although Defendants were served with both the original and the amended Motions for Temporary Restraining Order, and therefore had an opportunity to file an opposition to the motions, Defendants failed to do so. It was not until six days after Plaintiff's Amended Motion was filed that Defendants filed the instant Emergency Motion for reconsideration.  Nevertheless, the Court notified Plaintiffs that it

would rule on Defendants' Emergency Motion on the afternoon of December 8, 2006, and that any response in opposition was due before 1:00 p.m. On December 8, 2006, at 12:59 p.m., Plaintiffs filed their response, and the Court has considered it.

Pursuant to Rule 65(b), the Court now proceeds expeditiously to reconsider the Temporary Restraining Order it issued on December 5, 2006. Rule 65(b) provides that "[o]n 2 days' notice to the party who obtained the temporary restraining order without notice or on such shorter notice to that party as the court may prescribe, the adverse party may appear and move its dissolution or modification and in that event the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require."

To determine whether to grant a temporary restraining order, a court must consider whether the movant has established: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

Upon reconsideration in light of Defendants' Emergency Motion for Revocation and Cancellation of Temporary Restraining Order and the attached affidavits, the Court finds that Plaintiffs have failed to sufficiently establish the factors necessary to warrant a temporary restraining order. First, Plaintiffs have failed to establish a substantial likelihood of success on the merits. In a policy statement issued April 27, 2001, the DEA specifically addressed the legality of internet pharmacies, such as Plaintiffs, that have doctors who prescribe controlled

substances based on an online questionnaire.  Dispensing & Purchasing Controlled Substances over the Internet, 66 Fed. Reg. 21,181 (Apr. 27, 2001).  This policy statement notes that a prescription for a controlled substance "'must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice.'"  *Id.* (citing 21 C.F.R. § 1306.04(a)).  "[F]or a doctor to be acting in the usual course of professional practice, there must be a bona fide doctor/patient relationship."  *Id.*  Such a relationship requires that the patient have a medical complaint, that a medical history be taken, that a physical examination be performed, and that there is some logical connection between the medical complaint, the medical history, the physical examination, and the drug prescribed.  *Id.*  Furthermore, the policy specifically states that "[c]ompleting a questionnaire that is then reviewed by a doctor hired by the Internet pharmacy *could not be considered the basis for a doctor/patient relationship*."  *Id.* (emphasis added).  Policy statements such as this one issued by the DEA are accorded deference by the Court.  *Skidmore v. Swift*, 323 U.S. 134, 140, 65 S. Ct. 161, 164, 89 L. Ed. 124 (1944). Here, Defendants have presented unrefuted evidence that Plaintiffs have been filling prescriptions by having doctors prescribe controlled substances based on an online questionnaire without a physical examination in violation of federal law.  Therefore, Plaintiffs have failed to establish a substantial likelihood of success on the merits.

Furthermore, Plaintiffs have failed to demonstrate that they will suffer irreparable injury if relief is denied.  Title 21 C.F.R. § 1301.36(h) provides that registrants such as Plaintiffs whose registration is suspended may request an expedited hearing "on the revocation or suspension of his/her registration at a time earlier than specified in the order to show cause . . . ."  Subsection

(h) further provides that "[t]his request *shall be granted* by the Administrator, who shall fix a date for such hearing as early as reasonably possible." *Id.* (emphasis added.) Plaintiffs have not requested that an earlier hearing on the Order to Show Cause be scheduled. Moreover, although the Court is somewhat persuaded by Plaintiffs' argument that its reputation as a dependable pharmacy will be tainted by the immediate suspension of its Certificates of Registration, the Court finds that, under the facts of this case, any such harm can be rectified with money. "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90, 94 S. Ct. 937, 953, 39 L. Ed. 2d 166 (1974).

Furthermore, the balance of hardships weighs in favor of denying the relief requested. Defendants have shown that Plaintiffs are engaged in distributing enormous amounts of controlled substances to the public in violation of the DEA's regulations, which require that prescriptions be issued in the usual course of professional practice. The public's interest in the proper enforcement of federal laws governing controlled substances outweighs Plaintiffs' interest in retaining their Certificates of Registration during the short interim until the hearing scheduled for January 8, 2007. Finally, the Court is unpersuaded by Plaintiffs' argument that relief would serve the public interest because, without relief, the public will be prevented or delayed in obtaining prescription refills. Plaintiffs' customers may obtain controlled substances from other pharmacies.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1.     The Temporary Restraining Order entered by the Court at 12:00 p.m. on

5

December 5, 2006 is **DISSOLVED** effective 5:00 p.m. on December 8, 2006.

2.      The Clerk of the Court is directed to **RELEASE** immediately to Plaintiffs the

$25,000 bond deposited into the Court Registry.

3.      A hearing on Plaintiffs' Motion for Preliminary Injunction (Doc. No. 3) is

scheduled for December 14, 2006 at 10:00 a.m. before United States Magistrate

Judge Elizabeth A. Jenkins.

4.      Plaintiffs filed a Suggestion for the Entry of an Order to Show Cause (Doc. No.

10) today, December 8, 2006.  The Court construes Plaintiffs' Suggestion as a

Motion, and it is **DENIED AS MOOT**.

**DONE AND ORDERED** at Tampa, Florida, this 8th day of December, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
United States Magistrate Judge Elizabeth A. Jenkins

6